FILED
2016 MAR 29 PM 3:35
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ARBONNE INTERNATIONAL, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BEAUTY & FRAGRANCE EMPORIUM, LLC, a Florida Limited Liability Company, and ANNA GALKA (aka ANNA JACKSON), both doing business as www.beautyemporiumonline.com, "beautyemporiumonline" on the website www.ebay.com, and "Beauty_Emporium" on the website www.bonanza.com, <br><br> Defendants. | Case No. 3:16-CV-373-J-39JBT <br><br> COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF, FOR VIOLATION OF 15 USC § 1114; 15 USC § 1125(a); 15 USC § 1125(c); AND RELATED CLAIMS <br><br> DEMAND FOR JURY TRIAL |

Plaintiff Arbonne International, LLC, a Delaware limited liability company ("Plaintiff" or "Arbonne"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Arbonne International, LLC ("Arbonne") is a limited liability company, organized under the laws of the State of Delaware, with its principal place of business located in Irvine, California.

2. On information and belief, Defendant Beauty & Fragrance Emporium, LLC, ("Beauty Emporium") is a Florida limited liability company, organized and existing under the laws of Florida, with its principal place of business in Jacksonville, Florida.

3. On information and belief, Defendant Anna Galka, also known as Anna Jackson, ("Defendant Galka") is in control of, a principal of, and is primarily responsible for,

1

Beauty Emporium and its actions. On information and belief, Defendant Galka is a resident of Jacksonville, Florida.

## JURISDICTION

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367. Plaintiff's claims are predicated on 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) and (c), and related claims under the laws of the State of Florida.

## VENUE

5.  Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b), because at least one of the defendants resides in this judicial district and a substantial part of the events giving rise to the claims herein occurred within this judicial district.

## FACTUAL ALLEGATIONS

### Arbonne & Its Trademarks

6.  Arbonne distributes personal care, skincare, and nutrition products that are sold exclusively through Arbonne Independent Consultants ("Independent Consultants").

7.  Arbonne devotes a significant amount of time, energy, and resources toward protecting the value of its brand, products, name, and reputation. By distributing products exclusively through its Independent Consultants, Arbonne ensures that users of its products receive personal attention and recommendations about which Arbonne products will be best for them. Further, each genuine Arbonne product is shipped directly by Arbonne and handled with the utmost care and precision during the packaging and transport process, so that customers receive fresh products in the best condition. In the highly competitive beauty

market, quality and freshness are fundamental to the consumer's decision to purchase a product.

8. Arbonne has registered numerous trademarks with the United States Patent and Trademark Office with respect to its brand and products, including, but not limited to:

    a. ARBONNE® (U.S. Trademark Registration Nos. 4,491,258, 3,218,119, 3,159,918, and 1,770,981),

    b. ARBONNE INTERNATIONAL® (U.S. Trademark Registration No. 3,159,813),

    c. ARBONNE INTELLIGENCE® (U.S. Trademark Registration Nos. 4,629,529 and 3,514,987),

    d. ARBONNE ESSENTIALS® (U.S. Trademark Registration Nos. 4,136,385, 4,143,617, 4,143,616, 4,147,378, 4,147,377, and 4,136,347),

    e. RE9® (U.S. Trademark Registration Nos. 2,982,066 and 3,679,754), and

    f. RE9 ADVANCED® (U.S. Trademark Registration Nos. 3,887,045 and 3,887,044) (collectively, the "Arbonne Registered Trademarks").

9. The registration for each of the Arbonne Registered Trademarks is valid, subsisting and in full force and effect. Further, pursuant to 15 U.S.C. § 1065, the Arbonne Registered Trademarks serve as conclusive evidence of Arbonne's ownership of the marks and of its exclusive rights to use the marks in commerce and in connection with the sale and distribution of Arbonne's products identified in the registrations, as provided by 15 U.S.C. § 1115(b).

10. Arbonne actively uses and markets all of the Arbonne Registered Trademarks in commerce.

11. Due to the quality and exclusive distribution of Arbonne's products, and because Arbonne is recognized as the source of high quality products, the Arbonne Registered Trademarks have enormous value.

### Arbonne Production, Distribution, and Quality Control

12. Arbonne maintains unique quality controls by conducting all sales of its products through authorized Independent Consultants and by shipping all of its products directly from Arbonne to customers.

13. Each product contains a lot code, which allows Arbonne to track, among other things, when and where the product was manufactured and packaged. The lot code helps Arbonne identify and contain any quality problems that may arise. When there are quality issues with a particular product, on a certain production date, or at a certain manufacturing facility, the lot code allows Arbonne to identify other products that may be affected by the quality problem. With this information, Arbonne is better able to recall those distributed products that may share the defect and to prevent further recurrence of the defect. Because Arbonne has many topical skin, nutritional supplements, and similar products, it is critical for Arbonne to be able to take measures to track and control any defective products to protect customers and its goodwill.

14. Arbonne is itself responsible for all shipments to customers, maintaining strict product packaging and handling policies.

15. Arbonne also provides customers who purchase Arbonne products through authorized chains of distribution with a money back or replacement guarantee (the "Client Satisfaction Guarantee") to ensure that users of Arbonne's products are completely satisfied.

16. Independent Consultants are required to provide all of their customers with an official Arbonne receipt, which sets forth the Client Satisfaction Guarantee.

17. The Client Satisfaction Guarantee does not apply to products purchased outside of authorized channels.

18. To maintain the quality and consistency of its products and packaging, as set forth in Arbonne's Policies & Procedures, Arbonne strictly prohibits the sale of its products on the Internet, other than through Arbonne's website: "Any online sales media, including independent websites, online retail stores, e-commerce sites, blogs, online malls or auction sites, such as, but not limited to, eBay, Amazon, Craigslist and Groupon are prohibited." *See* § 4.1.

### The Unauthorized Sale of Arbonne Products

19. On information and belief, sometime prior to July 2015, Defendants created a storefront on www.eBay.com ("eBay") with the name "beautyemporiumonline," through which Defendants sold Arbonne products.

20. On August 12, 2015, Arbonne, through counsel, sent a cease and desist letter to Defendants at an address obtained by the purchase of product from the eBay storefront "beautyemporiumonline." No response was received and Defendants failed to remove Arbonne products from the eBay storefront.

21. Arbonne, through investigations, subsequently discovered that Defendants were also selling Arbonne products through their personal website, www.beautyemporiumonline.com, and through their storefront on www.bonanza.com ("Bonanza"), "Beauty_Emporium."

22. On information and belief, Defendants contacted, and continue to contact, authorized Independent Consultants to convince them to participate in a product-diversion scheme where the Defendants, who are not authorized Arbonne Independent Consultants, buy products at wholesale prices for the purpose of reselling them on the Internet.

23. On information and belief, Defendants instructed, and continue to instruct, the Independent Consultants to purchase products at wholesale either through their own accounts or through consultants in their downline, which is an Independent Consultant's recruited salesforce, in violation of Arbonne Policies & Procedures (*see, e.g.,* § 6.3). The purpose of ordering through an Independent Consultant's a downline is to achieve even greater discounts by manipulating Arbonne's commission system.

24. On information and belief, Defendants further instructed, and continue to instruct, the Independent Consultants to have the products shipped to the Independent Consultants, who, in turn, were to ship the products to the Defendants for the sole purpose of reselling them through unauthorized channels.

25. On information and belief, Defendants instructed, and continue to instruct, the Independent Consultants to obtain the products in this manner in an attempt to prevent Arbonne from connecting the Defendants to the purchases.

### Defendants' Illegal Sale of Arbonne Products

26. Defendants, without authorization from Arbonne, sold and continue to sell products bearing the Arbonne Registered Trademarks on Internet sites including, but not limited to, www.beautyemporiumonline.com, eBay, and Bonanza, and, on information and belief, through other channels.

27. The Arbonne products being sold on the Internet are not genuine Arbonne products because the products were not authorized for sale by Arbonne, were not sold with the official Arbonne receipt, did not ship directly from Arbonne under its strict packaging and handling policies, and were ineligible for the Client Satisfaction Guarantee.

28. On information and belief, some of the products sold on the Internet by the Defendants have also been tampered with.

29. As a result, by their unauthorized use of the Arbonne Registered Trademarks, Defendants were misleading consumers into believing they were purchasing products with the same quality controls and customer benefits as Arbonne products; in reality, however, the products sold by Defendants were materially different from genuine and authentic Arbonne products.

### Arbonne Has Suffered Significant Harm

30. Arbonne has suffered, and will continue to suffer, irreparable harm to its quality control procedures, the Arbonne Registered Trademarks, and its goodwill based upon Defendants' past and continuing actions.

31. Defendants' conduct was knowing, intentional, willful, malicious, wanton, and contrary to law.

32. Arbonne is entitled to injunctive relief because Defendants will continue to unlawfully sell Arbonne products, including by selling Arbonne products outside regular distribution channels, thus compromising quality control, and by selling products with the Arbonne Registered Trademarks that are materially different than those offered for sale by Arbonne. Defendants' ongoing illegal conduct has caused and will continue to cause irreparable harm to Arbonne's goodwill; and has caused and will continue to cause Arbonne and its distributors to lose business.

## FIRST CAUSE OF ACTION
### Trademark Infringement
### 15 U.S.C. §§ 1114 and 1125(a)(1)(a)

33. Arbonne re-alleges the allegations set forth in paragraphs 1-32 above.

34. The Arbonne Registered Trademarks are valid and subsisting trademarks in full force and effect.

35. Defendants willfully and knowingly used the Arbonne Registered Trademarks in commerce with the sale of products without the consent of Arbonne.

36. The use of the Arbonne Registered Trademarks in connection with the unauthorized sale of products by Defendants was likely to cause confusion, cause mistake, or deceive because it suggested that the products offered for sale by Defendants were the same as the products legitimately bearing the Arbonne Registered Trademarks, and originated from, or were sponsored, authorized, or otherwise connected with Arbonne.

37. Defendants' unauthorized use of the Arbonne Registered Trademarks has infringed and materially damaged the value of the Arbonne Trademarks.

38. As a proximate result of Defendants' actions, Arbonne has suffered and will continue to suffer great damage to its business, good will, reputation, and profits.

39. Arbonne has no adequate remedy at law for Defendants' infringement. Unless Defendants are permanently enjoined, Arbonne will suffer irreparable harm.

40. Pursuant to 15 U.S.C. § 1117(a), Arbonne is entitled to an award of attorneys' fees.

## SECOND CAUSE OF ACTION
### False Advertising
### 15 U.S.C. § 1125(a)(1)(b)

41. Arbonne re-alleges the allegations set forth in paragraphs 1-32 above.

42. The Arbonne Registered Trademarks are valid and subsisting trademarks in full force and effect.

43. In their listings on the Internet, including but not limited to eBay, Bonanza, and www.beautyemporiumonline.com, the Defendants willfully and knowingly used the Arbonne Registered Trademarks in commerce with the sale and advertising of products without the consent of Arbonne.

44. The use of the Arbonne Registered Trademarks in connection with the unauthorized sale and advertising of products by Defendants was likely to cause confusion, cause mistake, or deceive because it suggested that the products offered for sale were genuine and authentic products, and originated from, or were sponsored, authorized, or otherwise connected with Arbonne.

45. Defendants' unauthorized and deceptive use of the Arbonne Registered Trademarks in their Internet listings was material and likely to influence customers to purchase the product.

46. As a result, Arbonne has suffered damages including, but not limited to, loss of sales for products and a loss of goodwill associated with its products.

47. Pursuant to 15 U.S.C. § 1117(a), Arbonne is entitled to an award of attorneys' fees.

## THIRD CAUSE OF ACTION
### Unfair Competition
### 15 U.S.C. § 1125(a)

48. Arbonne re-alleges the allegations set forth in paragraphs 1-32 above.

49. The Arbonne Registered Trademarks are valid and subsisting trademarks in full force and effect.

50. Defendants willfully and knowingly used the Arbonne Registered Trademarks in commerce with the sale and advertising of products without the consent of Arbonne.

51. The use of the Arbonne Registered Trademarks in connection with the unauthorized sale and advertising of products by Defendants was likely to cause confusion, cause mistake, or deceive an appreciable number of ordinarily prudent purchasers as to the affiliation, connection, association, sponsorship, or approval of Arbonne's products because it suggested that the products offered for sale by Defendants originated from, or were sponsored, authorized, or otherwise connected with Arbonne.

52. Defendants' unauthorized sale of products bearing Arbonne Registered Trademarks, and unauthorized use of Arbonne Registered Trademarks in advertising,

materially damaged the value of the Arbonne Registered Trademarks and caused significant damages to Arbonne's business relations.

53. Defendants' unauthorized sale of products bearing Arbonne Registered Trademarks and unauthorized use of Arbonne Registered Trademarks in advertising infringed on the Arbonne Registered Trademarks.

54. As a result, Arbonne has suffered damages including, but not limited to, loss of sales, trademark infringement, and damage to its existing and potential business relations.

55. Pursuant to 15 U.S.C. § 1117(a), Arbonne is entitled to an award of attorneys' fees.

## FOURTH CAUSE OF ACTION
### Trademark Dilution
### 15 U.S.C. § 1125(c)

56. Arbonne re-alleges the allegations set forth in paragraphs 1-32 above.

57. The Arbonne Registered Trademarks are valid and subsisting trademarks in full force and effect.

58. Arbonne is the owner of the Arbonne Registered Trademarks, which are distinctive and widely recognized by the consuming public. Arbonne products are sold and purchased exclusively through its Independent Consultants.

59. Arbonne is widely recognized as the designated source of goods bearing the Arbonne Registered Trademarks.

60. Defendants' willful use of the Arbonne Registered Trademarks in connection with the unauthorized and illegal sale of their products diluted the Arbonne Registered

Trademarks because the products sold by Defendants were not, in fact, genuine and authentic Arbonne products.

61. As a result of Defendants' unlawful actions, the reputation and goodwill associated with the Arbonne Registered Trademarks was harmed and Arbonne suffered immediate and irreparable injury.

62. Further, Arbonne has suffered damages including, but not limited to, loss of sales, trademark infringement, and damage to its existing and potential business relations.

63. Pursuant to 15 U.S.C. § 1117(a), Arbonne is entitled to an award of attorneys' fees.

## FIFTH CAUSE OF ACTION
### Florida Common Law Trademark Infringement

64. Arbonne re-alleges the allegations set forth in paragraphs 1-32 above, and incorporates each allegation herein by reference.

65. This claim arises under the laws of the State of Florida.

66. The Arbonne Registered Trademarks are valid and subsisting trademarks in full force and effect.

67. Arbonne is the owner of the Arbonne Registered Trademarks, which are distinctive and widely recognized marks by the consuming public. Arbonne products are sold and purchased through its Independent Consultants throughout the United States, including Florida.

68. Arbonne is widely recognized as the designated source of goods bearing the Arbonne Registered Trademarks.

69. Defendants' knowing and willful use of the Arbonne Registered Trademarks in connection with the unauthorized and illegal sale of their products without Arbonne's consent infringed on the Arbonne Registered Trademarks. This infringement includes selling "Arbonne products" that were materially different from genuine and authentic Arbonne products because, among other reasons, the products sold by Defendants did not have the same quality control procedures as authentic Arbonne products and consumers did not receive the warranties that Arbonne offers its customers who purchase Arbonne products through authorized chains of distribution.

70. The Arbonne products sold by Defendants were not, in fact, genuine and authentic Arbonne products.

71. As a result of Defendants' unlawful actions, the reputation of the Arbonne Registered Trademarks was harmed and Arbonne suffered immediate and irreparable injury.

72. Further, Arbonne has suffered damages including, but not limited to, loss of sales, trademark infringement, loss of goodwill associated with its products, and damage to its existing and potential business relations.

## SIXTH CAUSE OF ACTION
**Tortious Interference with Business Relations and Contracts**

73. Arbonne re-alleges the allegations set forth in paragraphs 1-32 above, and incorporates each allegation herein by reference.

74. This claim arises under the laws of the State of Florida.

75. Arbonne has contractual and business relationships with its Independent Consultants, who sell Arbonne products.

76. Arbonne's Policies & Procedures, which apply to Arbonne's Independent Consultants, prohibit Independent Consultants from, among other things, selling products to resellers or on the Internet, other than through Arbonne's website.

77. Defendants interfered with the contracts and business relationship between Arbonne and its Independent Consultants by, among other ways, inducing Independent Consultants to sell Defendants products for the purpose of resale and, specifically, for resale on the Internet, in breach of their agreements with Arbonne.

78. Defendants knew Arbonne had agreements and business relationships with these Independent Consultants and that Arbonne's agreements in its Independent Consultants prohibited online sales and sales to resellers.

79. Defendants acted with a wrongful purpose by inducing Independent Consultants to sell them Arbonne products for the purpose of resale and then reselling those products on the Internet.

80. Defendants' actions caused injury to Arbonne for which Arbonne is entitled to damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Arbonne prays for relief and judgment as follows:

A. Judgment in favor of Arbonne and against Defendants in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, treble damages, restitution, including disgorgement of profits, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

B. Arbonne continues to suffer damages by Defendant's continuing conduct and therefore requests a permanent injunction that issues enjoining Defendants and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all of those in active concert and participation with Defendants (the "Enjoined Parties") as follows:

i) Prohibiting the Enjoined Parties from advertising or selling, via the Internet or otherwise, all Arbonne products,

ii) Prohibiting the Enjoined Parties from using any of the Arbonne Registered Trademarks in any manner, including advertising on the Internet,

iii) Prohibiting the Enjoined Parties from importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Arbonne products as well as any products bearing any of the Arbonne Registered Trademarks,

iv) Prohibiting the Enjoined Parties from disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Arbonne Registered Trademarks including: invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks,

v) Requiring the Enjoined Parties to take all action to remove from the Enjoined Parties' websites any reference to any of Arbonne's products, or any of the Arbonne Registered Trademarks,

vi) Requiring the Enjoined Parties to take all action, including but not limited to, requesting removal from the Internet search engines (such as Google, Yahoo!, and Bing), to remove from the Internet any of the Arbonne Registered Trademarks which associate Arbonne's products or the Arbonne Registered Trademarks with the Enjoined Parties or the Enjoined Parties' website,

      vii) Requiring the Enjoined Parties to take all action to remove the Arbonne Registered Trademarks from the Internet, including from the websites www.beautyemporiumonline.com, www.ebay.com, and www.bonanza.com; and

C. An award of attorneys' fees, costs, and expenses.

D. Such other and further relief as the Court deems just, equitable and proper.

E. Arbonne demands trial by jury on all issues so triable.

Respectfully submitted this 29th day of March 2016.

_____
Edward L. Birk
Florida Bar No. 68462
Crystal Broughan
Florida Bar No. 863343
**MARKS GRAY, P.A.**
1200 Riverplace Boulevard, Suite 800
Jacksonville, Florida 32207
Telephone:   (904) 398-0900
Facsimile:    (904) 399-8440
Email: ebirk@marksgray.com
       cbroughan@marksgray.com

AND

Adam C. Sherman, Esq.
Ohio Bar No. 0076850
Pro Hac Vice Admission Pending
**VORYS, SATER, SEYMOUR AND PEASE LLP**
301 East Fourth Street
Suite 3500
Great American Tower
Cincinnati, OH 45202
Telephone: (513) 723-8598
Facsimile: (513) 852-7867
E-mail: asherman@vorys.com
       msabo@vorys.com
*Attorneys for Plaintiff*
*Arbonne International, LLC*

28686/1296786

16